UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

**CASE NO.:** CV 15-04188 SJO (RAOx)   **DATE:** July 22, 2015

**TITLE:** John Williams, Jr. v. Santander Bank, et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER DENYING PLAINTIFF'S MOTION FOR REMAND** [Docket No. 15]; **GRANTING DEFENDANT'S MOTION TO DISMISS** [Docket No. 9]

These matters are before the Court on Plaintiff John Williams, Jr.'s ("Plaintiff") Motion for Remand ("Motion for Remand"), filed June 27, 2015, and Defendant Santander Consumer USA, Inc.'s Motion to Dismiss ("Motion to Dismiss"), filed June 11, 2015. Defendant filed its opposition to the Motion for Remand ("Opposition to Remand") on July 6, 2015, to which Plaintiff filed his Reply on July 7, 2015. Plaintiff filed his opposition to the Motion to Dismiss on June 30, 2015, to which Defendant filed a Reply on July 20, 2015 ("Defendant's Reply"). The Court found these matters suitable for disposition without oral argument and vacated the hearings on Plaintiff's Motion to Remand and Defendant's Motion to Dismiss set for July 27, 2015, and August 3, 2015, respectively. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **DENIES** the Motion to Remand and **GRANTS** the Motion to Dismiss.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a resident of Los Angeles County. (Notice of Removal ("Notice"), ECF No. 1, Ex. A ("Compl.") ¶ 1, ECF No. 1-1.) Defendant is an Illinois corporation with its principal place of business in Texas. (Notice 3; *see also* Decl. of Mark Mooney in Supp. of [Opp'n to Remand] ¶ 5, ECF No. 18-1.)

Plaintiff alleges the following.[1] At some point in time, Defendant financed an unspecified vehicle for an unnamed borrower. (Mot. for Remand 1, ECF No. 15.) The borrower later defaulted on his or her payments for the vehicle and sold it to a car dealer. (Mot. for Remand 1.) Thereafter,

---

[1] Because Plaintiff's two-page Complaint is basically devoid of factual allegations (*see generally* Compl.), in the interest of clarity, the Court includes allegations from both his Complaint and Motion for Remand for the purposes of this section.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 15-04188 SJO (RAOx)            DATE:  July 22, 2015

Plaintiff purchased the vehicle from the dealer "free and clear of all liens." (Mot. for Remand 1.) However, Defendant did not update its records to reflect that it had sold or no longer retained any interest in the vehicle. (Mot. for Remand 1.) Thus, on March 26, 2015, Defendant caused its employees and agents to enter Plaintiff's property and repossess the vehicle. (Compl. ¶¶ 4-8.)

On May 5, 2015, Plaintiff filed the instant lawsuit in the Superior Court for the County of Los Angeles ("Superior Court"). (*See generally* Compl.) On June 4, 2015, Defendant removed the case to this Court. (*See generally* Notice.) In his Complaint, Plaintiff brings five causes of action for: (1) trespass; (2) conversion; (3) slander of title; (4) intentional infliction of emotional distress; and (5) negligent infliction of emotional distress. (*See generally* Compl.)

In his Motion for Remand, Plaintiff argues that this lawsuit should be remanded to the Superior Court because Plaintiff has offered to "accept $74,999.99 [for] full resolution of all claims." (Mot. for Remand 1-2.) In its Motion to Dismiss, Defendant seeks dismissal of each of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12"). (*See generally* Mot. to Dismiss.)

II.     DISCUSSION

    A.     Motion to Remand

Plaintiff's argument for remand may be summarized as follows: this Court lacks diversity jurisdiction, the only jurisdictional basis pled in Defendant's Notice of Removal, because the amount in controversy does not exceed $75,000. (*See generally* Mot. for Remand; Notice.) For the following reasons, Plaintiff's argument is unavailing.

Federal courts have diversity jurisdiction when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (footnote omitted). In satisfying this burden, the removing party may provide "any summary-judgement-type evidence relevant to the amount in controversy at the time of removal." *Id.* (footnote and quotation marks omitted); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690-91 (9th Cir. 2006). The Ninth Circuit has held that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (footnote and citations omitted).

Here, Plaintiff's Complaint does not state a specified sum for relief. (*See generally* Compl.) However, on May 5, 2015, Plaintiff informed Defendant that he would be willing to settle this matter for $160,000. (Decl. of Jordan S. Yu in Supp. of [Opp'n to Remand] ("Yu Decl.") ¶ 2, Ex. A

CASE NO.: CV 15-04188 SJO (RAOx)                     DATE: July 22, 2015

("Settlement Demand"), ECF No. 18-2.) Defendant removed the case to this Court on June 4, 2015. (*See generally* Notice.) Six or seven days later, on June 10 or 11, 2015, Plaintiff offered to settle the case for $74,999.99. (*See* Yu Decl. ¶ 3; Mot. for Remand 1-2.) Plaintiff also informed Defendant that the $74,999.99 settlement offer would only be "open for a period of 90 days." (Mot. for Remand 1-2.)

Based on the foregoing, the Court finds that Defendant has shown that at the time of removal,[2] the amount in controversy, based on Plaintiff's settlement demand, was $160,000. (*See* Settlement Demand.) Further, although Plaintiff has made a post-removal settlement demand of $74,999.99, this demand is temporary by its own terms. (*See* Yu Decl. ¶ 3; Mot. for Remand 1-2.) Finally, despite Plaintiff's concession that his punitive damages are "speculative at best," (*see* Mot. for Remand 1), Plaintiff has made no indication that his original $160,000 demand "was inflated and not an honest assessment of damages." *See Cohn*, 281 F.3d at 840. Accordingly, the Court **DENIES** Plaintiff's Motion for Remand.

    B.    Motion to Dismiss

Rule 12, which provides for dismissal of a plaintiff's cause of action for "failure to state a claim on which relief can be granted," *see* Fed. R. Civ. P. 12(b)(6), must be read in conjunction with Federal Rule Civil Procedure 8(a) ("Rule 8"). *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Rule 8 requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). Although the pleader is not required to plead "detailed factual allegations" under Rule 8, this standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Pleadings that contain nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (citation and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a complaint pleads sufficient facts "to raise a right to relief above the speculative level," a court may not dismiss the complaint under 12(b)(6). *See Twombly*, 550 U.S. at 555.

---

[2] As indicated in *Matheson*, 319 F.3d at 1090, "[t]he amount in controversy is measured **as of the date of removal**, not as increased or decreased due to later events." *Walton v. AT&T Mobility*, No. CV 11-01988 JHN, 2011 WL 2784290, at *2 (C.D. Cal. July 14, 2011) (citations and quotation marks omitted) (emphasis in original); *see also Soto v. Kroger Co.*, No. CV 12-00780 DOC, 2013 WL 3071267, *3 (C.D. Cal. June 17, 2013) (noting that "the guiding principle is to measure amount in controversy at the time of removal").

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 15-04188 SJO (RAOx)</u>    DATE: <u>July 22, 2015</u>

    1.    <u>Trespass</u>

The elements of trespass claims are "(1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry on the property; (3) lack of permission to enter the property, or acts in excess of the permission; (4) actual harm; and (5) the defendant's conduct as a substantial factor in causing the harm." *Ralphs Grocery Co. v. United Food & Commercial Workers Union Local 8*, 186 Cal. App. 4th 1078, 1085 (2010), *reversed on other grounds by* 55 Cal. 4th 1083 (2012).

Here, Plaintiff has failed to identify with any specificity: (1) how Defendant's alleged entry onto the property was "intentional, reckless, or negligent"; and (2) any actual harm suffered by Plaintiff. (*See generally* Compl.) As such, Plaintiff's first cause of action is **DISMISSED with leave to amend**.[3]

    2.    <u>Conversion</u>

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Welco Elecs., Inc. v. Mora*, 223 Cal. App. 4th 202, 208 (2014) (citations and quotation marks omitted).

The Complaint fails to allege that Plaintiff was the legal owner of or had the right to possess the vehicle at issue. (*See generally* Compl.; *see also* Mot. to Dismiss 2-3, ECF No. 9.) Further, Plaintiff merely alleges that Defendant took an unspecified vehicle "without permission or legal right," and does not provide any supporting facts. (*See* Compl. ¶ 5; Mot. to Dismiss 3.) As indicated above, pleadings that contain nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient to survive a motion to dismiss. *See*

---

[3] When granting a motion to dismiss, courts are generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, courts examine whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Because the Court has dismissed Plaintiff's first cause of action based on his failure to plead sufficient facts, granting Plaintiff the opportunity to amend his Complaint is appropriate.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** CV 15-04188 SJO (RAOx) | **DATE:** July 22, 2015 |

*Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted). Accordingly, Plaintiff's second cause of action is **DISMISSED with leave to amend**.

### 3. Slander of Title

The elements of slander of title are "[(1)] publication, [(2)] falsity, [(3)] absence of privilege, [(4)] and disparagement of another's [property] which is relied upon by a third party and which results in a pecuniary loss." *Smith v. Commonwealth Land Title Ins. Co.*, 177 Cal. App. 3d 625, 630 (1986) (citing *Appel v. Burman*, 159 Cal. App. 3d 1209, 1214 (1984)). Here, Plaintiff's sole allegation in support of his slander of title claim is that "[a]fter unlawfully taking possession of Plaintiff[']s vehicle, Defendant[] falsely reported the vehicle as repossessed[,] thus causing harm to its[] value and marketability." (FAC ¶ 6.) Thus, Plaintiff has not: (1) identified Defendant's "false report," or how it was published; (2) stated the way in which the report was false; or (3) alleged that a third party has relied upon the report in a manner that resulted in pecuniary loss for Plaintiff. (*See generally* Compl.; *see also* Mot. to Dismiss 3; Def.'s Reply 2, ECF No. 22.) Accordingly, Plaintiff's third cause of action is **DISMISSED with leave to amend**.

### 4. Intentional Infliction of Emotional Distress

An intentional infliction of emotional distress claim requires "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Wilson v. S. Cal. Edison Co.*, 234 Cal. App. 4th 123, 152 (2015) (quoting *Christensen v. Super. Ct.*, 54 Cal. 3d 868, 903 (1991)) (quotation marks omitted); *see also Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (citation omitted). Here, Plaintiff does not allege that: (1) Defendant's conduct was extreme or outrageous; (2) that Defendant acted with the intent of causing, or with reckless disregard of the probability of causing, emotional distress; or (3) that Plaintiff suffered emotional distress. (*See generally* Compl.) In other words, Plaintiff's fourth cause of action fails to allege **any** of the elements necessary to state a claim for intentional infliction of emotional distress. *See Wilson*, 234 Cal. App. 4th at 152. Accordingly, Plaintiff's fourth cause of action is **DISMISSED with leave to amend**.

### 5. Negligent Infliction of Emotional Distress

Negligent infliction of emotional distress requires "(1) serious emotional distress, (2) actual and proximate causation, (3) wrongful conduct by the defendant, and (4) foreseeability." *Starr-Gordon v. Mass. Mut. Life Ins. Co.*, No. CV 03-00068 LKK, 2006 WL 3218778, at *16 (E.D. Cal. Nov. 7, 2006) (citing *Austin*, 367 F.3d at 1172). As with his intentional infliction of emotional distress claim, Plaintiff does not allege any of the elements of negligent infliction of emotional distress.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 15-04188 SJO (RAOx)          DATE: July 22, 2015

(*See generally* Compl.)  Most importantly, Plaintiff's claim contains no allegation of "serious **emotional distress**," the most essential element of a negligent infliction of **emotional distress** claim.  (See *generally* Compl.)  Accordingly, Plaintiff's fifth cause of action is **DISMISSED with leave to amend**.

III.     RULING

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Remand and **GRANTS** Defendant's Motion to Dismiss as to each of Plaintiff's claims.  Plaintiff has fifteen days from the date of this Order to file a First Amended Complaint.  Defendant has fifteen days thereafter to file a response.

IT IS SO ORDERED.